UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORI ORDONEZ | CIVIL ACTION |
| VERSUS | NO. 12-2330 |
| MICHAEL J. ASTRUE, COMMISSIONER<br>SOCIAL SECURITY ADMINISTRATION | SECTION "B" (3) |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for child's insurance benefits ("CIB") under Title II of the Social Security Act ("SSA") and supplemental security income benefits ("SSI") under Title XVI of the SSA. The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

**I.     BACKGROUND**

Plaintiff filed an application for CIB and SSI on July 1, 2010, alleging a disability onset date of January 1, 1976. (Adm. Rec. at 151-64).[1] Plaintiff alleged disability due to mild retardation, emphysema and seizures. (*Id.* at 177). Plaintiff, born on September 4, 1963, was 12 years old on

---

[1] The Commissioner argues that plaintiff alleges a disability onset date of June 31, 2010 and cites to page six of plaintiff's memorandum in support as evidence of this date. The Court finds no record of an alleged disability onset date of June 31, 2010. The record makes clear that she alleges an onset date of January 1, 1976. (Adm. Rec. at 151, 158).

the date on which she alleged disability and 47 years old at the time of the final administrative decision. (*Id.* at 151). Plaintiff has a fourth-grade education and no past relevant work experience. (*Id.* at 177-78). Plaintiff can speak and understand English, but she can not read English nor understand it when it is written, and she can not write more than her name in English. (*Id.* at 176).

Defendant initially denied plaintiff's applications on October 8, 2010. (*Id.* at 22). Plaintiff sought an administrative hearing, which defendant held on April 18, 2011. (*Id.* at 36-74). Plaintiff, a witness, Lisa Zoah, and a vocational expert ("VE") testified at the hearing.

On July 11, 2011, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff did not meet the definition of disability through the date of the decision. (*Id.* at 22-32). In the decision, the ALJ concluded that plaintiff has the severe impairments of mild mental retardation, depression, seizures and a history of polysubstance abuse. (*Id.* at 24). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 25). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with certain non-exertional limitations. (*Id.* at 26). He precluded plaintiff from jobs that require her to understand, remember, or carry out detailed instructions whether written or oral and from jobs that require hourly production quotas. (*Id.*). He concluded that she has slight to moderate limitations in her ability to maintain attention and concentration for extended periods but that she has no limitation in her ability to understand, remember and carry out short, simple instructions that are verbal. (*Id.*). He also limited plaintiff to jobs in which instructions and changes in job instructions are verbal. (*Id.*). Given that plaintiff has no past relevant work, he concluded that

plaintiff is able to perform work as a housekeeper/cleaner, groundskeeper/laborer and a cleaner of vehicles. (*Id.* at 31). The ALJ thus denied plaintiff's application for CIB and SSI. (*Id.* at 32).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 148). On August 2, 2012, the Appeals Council denied plaintiff's request. (*Id.* at 1-4). Plaintiff then timely filed this civil action.

## II.    STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002). It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley*

*v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.    ENTITLEMENT TO BENEFITS UNDER THE ACT**

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant, such as the plaintiff, is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining

disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995).   The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.   *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67

F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## IV. ISSUES ON APPEAL

There are two issues on appeal:

(1) Whether substantial evidence supports the ALJ's conclusion that plaintiff's mental impairment does not meet Listing 12.05(C).

(2) Whether substantial evidence supports the ALJ's conclusion at step five of the sequential evaluation.

## V. ANALYSIS

### 1. Whether substantial evidence supports the ALJ's conclusion that plaintiff's mental impairment does not meet Listing 12.05(C).

Listing 12.05 provides:

Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e. , the evidence demonstrates or supports onset of the impairment before age 22.
The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
A.   Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;

    OR
B.    A valid verbal, performance, or full scale IQ of 59 or less;
    OR
C.    A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
    OR
D.    A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
1.    Marked restriction of activities of daily living; or
2.    Marked difficulties in maintaining social functioning; or
3.    Marked difficulties in maintaining concentration, persistence, or pace; or
4.    Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.05. Subsection C requires both a valid verbal performance or full scale I.Q. of 60 through 70 *and* a physical or other mental impairment imposing an additional and significant work-related limitation of function. *Id.*, Listing 12.05(C). Both of these criteria must be met. *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

    As the Commissioner correctly notes, the record is devoid of any valid I.Q. score of 60 through 70. Plaintiff scored a 59 on a full scale I.Q. test administered by Christine Powanda, Ph.D., in September 2010 (Adm. Rec. at 420), but even she admits that the results were invalidated by inconsistent effort or her psychiatric symptoms. [Doc. #14-1 at p. 5]; *see also Muse v. Sullivan*, 925 F.2d 785, 789-90 (5th Cir. 1991) ("Therefore, absent valid I.Q. tests, Muse failed to carry the burden of proving disability due to retardation under prongs two and three of the test.").

    Plaintiff argues that in connection with a subsequent application submitted on August 20, 2012, she attended a consultative examination with Dr. William Fowler that revealed a valid full

scale I.Q. of 63. In her Statement of Uncontested Material Facts, plaintiff contends that a copy of the I.Q. test and the findings of the Commissioner's medical consultant – who approved the subsequent application at the initial level – are attached as an appendix to her brief. [Doc. #14-2 at p. 4]. But it is not, and the Court sees no evidence of this report in the record.

Even were the report in the record, however, this Court could not consider it. This Court's review is limited to the certified record on appeal, and this Court can not consider such a form unless it is submitted as part of a motion to remand. 42 U.S.C. § 405(g). Plaintiff has not sought to remand this case, and neither, as the Court has noted, has she even submitted the form to this Court. In addition, "[w]hether a subsequent application is approved is of no moment to the question of whether the prior application was meritorious *at the time of consideration*." *Winston ex. rel. D.F. v. Astrue*, 341 Fed. Appx. 995, 998 (5th Cir. 2009) (emphasis in original).

Lastly, plaintiff contends that the ALJ's findings at step three "include no rationale or analysis specific to the criteria of § 12.05(C) of the Listings despite the fact that the ALJ found (at step 2) that the plaintiff has mental retardation and depression, the two principal components of the Listing." [Doc. #14-1 at p. 6]. The ALJ explicitly noted that he considered Listings 11.02, 11.03, 12.04, 12.05 and 12.09 and concluded that the criteria of paragraph (C) were not satisfied. (Adm. Rec. at 25). In addition, in his determination of plaintiff's RFC, he exhaustively detailed plaintiff's mental impairments (*id.* at pp. 26-30), explicitly noting the invalid I.Q. test. (*Id.* at p. 28). Simply because the ALJ did not elicit his reasons for finding that the criteria of paragraph (C) were not satisfied when he so stated in his opinion does not mean that he failed to consider the evidence at all. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("The ALJ is bound by the rules of this

8

Court to explain his reasons for rejecting a claimant's complaints of pain. He did so. That he did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").  For all of these reasons, the Court finds that substantial evidence supports the ALJ's conclusion that plaintiff's mental impairment did not meet Listing 12.05(C).

> 2. **Whether substantial evidence supports the ALJ's conclusion at step five of the sequential evaluation.**

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination. Plaintiff notes that the record includes a treating source opinion dated March 29, 2011 from Dr. Teri Schwarz, the plaintiff's treating psychiatrist. (Adm. Rec. at 477-78). In that opinion, Schwarz notes that plaintiff is illiterate with a history of mild mental retardation and no past history of employment. (*Id.* at 477). She opines that plaintiff has never been able to sustain employment because of her labile temper, limited social skills and "often" depressed mood. (*Id.* at 478). Schwarz also points out plaintiff's ineffective coping skills, remarking that her social interaction is limited by irritability, low frustration tolerance and an "uneasy feeling" with people. (*Id.* at 478). Schwarz assessed marked impairments in interacting appropriately with the public, responding appropriately to work pressures in a usual work setting and responding appropriately to changes in a routine work setting. (*Id.* at 478). Plaintiff notes that at the oral hearing, the VE testified that any of the aforementioned limitations would preclude all work. (*Id.* at 72). The VE testified that "[t]here would not be jobs that such a person could perform." (*Id.*).

Plaintiff correctly notes that the ALJ gave "great weight" to Schwarz's medical opinion. (*Id.* at 30). Plaintiff maintains, however, that the ALJ failed to incorporate any of plaintiff's "marked"

limitations in his ultimate finding as to her RFC. (*Id.* at 30-32). Plaintiff argues that the ALJ's opinion fails to include any rationale explaining such a contradiction.

Plaintiff contends that subsequent medical opinions from two other consultative psychologists as well as the Commissioner's own medical consultant support Schwarz's opinion. Dr. Lester Culver concluded that plaintiff "will not be able to deal with the stress common on most jobs," and he assessed marked limitations in maintaining attention and concentration, functioning independently and dealing with work stress. (*Id.* at 239-40). Plaintiff also points out that Dr. Christine Powanda viewed plaintiff as impulsive with difficulty sustaining concentration and mental control. (*Id.* at 419).[2]

Notwithstanding this evidence, the Court finds that substantial evidence supports the ALJ's RFC determination. In doing so, the Court notes that the task of weighing the evidence is the province of the ALJ. *See Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). This Court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey*, 230 F.3d at 135. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas*, 503 U.S. at 112-13. Conflicts in the evidence are for the Commissioner to resolve, not this Court. *Carey,* 230 F.3d at 135.

To determine plaintiff's RFC, the ALJ relied heavily upon the reports of Powanda, a state agency consultative psychologist, and Schwarz. (*id.i at* 28-29). Schwarz opined that plaintiff had

---

[2] Plaintiff also relies on Fowlers' report here, but, as noted, this Court can not consider that report as it is not part of the administrative record in this case.

no limitation in her ability to understand, remember, and carry out short simple instructions; moderate limitation in her ability to make judgments on simple, work-related decisions and interact appropriately with supervisors and coworkers; and marked limitation in her ability to understand, remember, and carry out detailed instructions. (*Id.* at 477-78). As noted, the ALJ gave Schwarz's opinion great weight and incorporated these limitations into the RFC. (*Id.* at 26, 29-30). The Court finds that the ALJ credited these limitations because they were consistent with other evidence, particularly Powanda's report. (*Id.* at 28-30).

Plaintiff reported to Powanda that she regularly performed household chores and could wash dishes and clothes, cook meals, and shop. (*Id.* at 28-29, 421). As the ALJ noted, she reported activities of daily living that require considerable attention and concentration that support Schwarz's opinion that she can perform at least simple, repetitive work. (*Id.* at 30). Powanda also noted that plaintiff exhibited clear speech and adequate verbal expressive skills and that she was not significantly restless, irritable, or overtly distracted. (*Id.* at 419). Powanda further noted that plaintiff was appropriately groomed, maintained adequate eye contact and was able to follow oral test directions. (*Id.*). These findings support Schwarz's opinion that plaintiff had only moderate limitations in her ability to interact with supervisors and co-workers. (*Id.* at 477-78). Thus, the ALJ properly incorporated into the RFC determination the limitations that were consistent with other evidence of record. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (holding that an ALJ may reject a treating physician's opinion when it is unsupported by the other objective evidence in the record).

As noted above, plaintiff argues that the ALJ should have incorporated all of the limitations

contained in Schwarz's March 2011 report. [Doc. #14-1 at pp. 6-7]. Specifically, she contends that the ALJ should have found marked limitation in plaintiff's ability to respond appropriately to pressures and changes in a routine work setting. [*Id.*]. However, the ALJ determined that the record did not support these limitations. (Tr. 26, 29-30). At Powanda's examination, plaintiff demonstrated that she could adequately follow directions and communicate without becoming distracted, restless, or irritable. (*id.* at 28, 419). The ALJ concluded that plaintiff's ability to tolerate Powanda's consultative examination indicated that she could withstand some routine work stresses and changes. (*Id.* at 28-30). Thus, the ALJ properly accorded Schwarz's report and corresponding limitations great weight instead of controlling weight. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) (holding that a treating physician's opinion may be rejected when evidence supports a contrary conclusion).

Plaintiff maintains that the ALJ's failure to include all of the limitations outlined in Schwarz's opinion was prompted by a faulty hypothetical to the VE at the oral hearing. Citing case law, plaintiff argues that "[u]nless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ . . . a determination of non-disability based on such a defective question cannot stand." *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Plaintiff appears to mistake the words "recognized by the ALJ" with "recognized by the treating physician." The hypothetical need not incorporate all disabilities recognized by a treating physician – only those recognized by the ALJ and supported by substantial evidence. And here, the ALJ posed a hypothetical to the VE that incorporated all of the limitations that the ALJ found to be supported by the evidence. (*Id.* at 69-75). The ALJ included in

his hypothetical significant limitations, including most of the limitations found by Schwarz. (*Id.* at 69-75). Despite these limitations, the VE concluded that plaintiff could perform a significant number of jobs in the national economy. (*Id.* at 70-71). The Court finds that substantial evidence supports this determination.

Plaintiff also cites to a report by Culver submitted to the Appeals Council and dated over eight months after the ALJ's decision. (*Id.* at 232-41). The Appeals Council determined that Culver's report would not have changed the ALJ's decision. (*Id.* at 1-2). In addition, the Court has reviewed Culver's report and finds it to be internally inconsistent and unsupported by the record. As an example, Culver found that plaintiff was alert and oriented to person, place, time, and event; maintained sufficient concentration to watch television for 40 minutes; and was not distracted by extraneous noises. (*Id.* at 234-36). And yet Culver assessed marked limitation in her ability to maintain attention and concentration. (*Id.* at 239). Culver also noted plaintiff's appearance to be clean and that she needed no assistance bathing, dressing, or grooming. (*Id.* at 235). But he then assessed a marked limitation in her ability to maintain her personal appearance. (*Id.* at 240). Culver further found plaintiff capable of responding to simple commands but assessed a moderate limitation in her ability to understand, remember, and carry out simple job instructions. (*Id.* at 236, 239). Significantly, Schwarz, her treating physician, found no limitation in this area. (*Id.* at 477). As Culver's report is internally inconsistent, unsupported by the record and dated eight months after the opinion of the ALJ, his opinion is entitled to little weight. *See Greenspan*, 38 F.3d at 237.

As noted above, it is not this Court's duty to re-weigh the evidence or substitute its own judgment for that of the Commissioner. *Carey*, 230 F.3d at 135. As long as substantial evidence

supports the ALJ's conclusions, this Court must uphold them, even if the Court finds that substantial evidence also supports a different outcome. Here, substantial evidence supports the ALJ's RFC determination at step five of the sequential evaluation.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 4th day of September, 2013.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**