**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LORI ORDONEZ** **CIVIL ACTION**

**VERSUS** **NO. 12-2330**

**MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** **SECTION "B"(3)**

**ORDER AND REASONS**

Before the Court are the Parties' cross motions for summary judgement. (Rec. Doc. Nos. 14, 16). Magistrate Judge Knowles issued a Report and Recommendation, which recommended that Plaintiff Ordonez's Motion for Summary Judgement be denied, and Defendant Commissioner's Cross Motion for Summary Judgement be granted. (Rec. Doc. No. 17). Ordonez filed Objections to the Report and Recommendation. (Rec. Doc. No. 18).

Accordingly, **IT IS ORDERED** that Ordonez's Objections are **OVERRULED** and the Court **AFFIRMS AND ADOPTS** the Magistrate Judge's Report and Recommendation. **IT IS FURTHER ORDERED** that Ordonez's Motion for Summary Judgement (Rec. Doc. No. 14) is **DENIED** and the Commissioner's Cross Motion for Summary Judgement (Rec. Doc. No. 16) is **GRANTED**, dismissing this case.

This case arises out of the Commissioner's denial of Ordonez's application for Child's Disability Benefits and Supplemental Security Income Benefits under the Social Security

Act. (Rec. Doc. No. 14-1). Plaintiff's application claimed disability due to mild mental retardation, emphysema, and seizures. (Admin Rec. at 177). She alleged an onset date of January 1, 1976. (*Id.* at 151).

The original application was denied on October 8, 2010. (*Id.* at 22). A hearing was held on April 11, 2011 before Administrative Law Judge Philip McLeod (ALJ). (*Id.*). The ALJ denied Ordonez's application on July 11, 2011, concluding that Ordonez "has not been under a disability within the meaning of the Social Security Act from January 1, 1976, through the date of [the] decision." (*Id.* at 23). The ALJ found that although Ordonez suffered from severe impairments,[1] those impairments did not meet any of the listed impairments contained in the relevant Social Security Administration regulations. (*Id.* at 25). Further, he found that Ordonez was still capable of working and finding employment in a number of areas despite her impairments.[2] (*Id.* at 26). The ALJ denied the application for benefits. (*Id.* at 32). Ordonez requested appeal of the ALJ's decision to the Appeal's Counsel, but that request was denied. (*Id.* at 1).

---

[1] The impairments the ALJ found were mild mental retardation, depression, seizures, and history of polysubstance abuse. (Admin Rec. at 24).

[2] Specifically, the ALJ credited the testimony of a vocational expert testifying at the hearing who found that Ordonez would be able to perform the requirements of a housekeeper/cleaner, groundskeeper/laborer, or a cleaner of vehicles. (Admin Rec. at 31).

Plaintiff instituted the instant action, and claims the ALJ erred in the following two respects:

> 1. The ALJ’s denial of benefits at Step 3 is contradicted by substantial evidence. The plaintiff’s impairments meet §12.05(C) of the Listing of Impairments.
>
> 2. The ALJ’s MRFC and findings at Step 5 are internally contradictory. The ALJ’s hypothetical to the [Vocational Expert] failed to incorporate all disabilities/limitations which the ALJ accepted. The plaintiff should have been awarded benefits at Step 5 per the ALJ’s own findings. (Rec. Doc. No. 14-1 at 2).

After a review of the administrative record, the instant judicial record, parties memoranda and argument, and relevant law, the Court finds that the ALJ's residual functional capacity findings have substantial record-evidence support. Therefore, Ordonez's Motion for Summary Judgement (Rec. Doc. No. 14) is **DENIED** and the Commissioner's Cross Motion for Summary Judgement (Rec. Doc. No. 16) is **GRANTED**, dismissing this case.

New Orleans, Louisiana, this 4th day of December, 2013.

UNITED STATES DISTRICT JUDGE